UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
TRADECARD, INC.,                                :
                                                :
                        Plaintiff,              :      **ORDER DENYING**
        -against-                               :      **MOTION IN LIMINE**
                                                :      **TO PRECLUDE**
S1 CORP., BANK OF AMERICA CORP., and            :
BANK OF AMERICA, N.A.,                          :      03 Civ. 1468 (AKH)
                                                :
                        Defendants.             :
-------------------------------------------------------------x
ALVIN K. HELLERSTEIN, U.S.D.J.:

        The trial of this case is scheduled to begin March 6, 2006 with the selection of a jury. On February 22, 2006, at the Final Pre Trial Conference, plaintiff Tradecard moved to preclude defendants' expert on damages, Mr. Troxel, from testifying. The issue is described in the parties' joint letter dated July 14, 2006, when the issue was tendered to me for decision pursuant to my Chambers Rule 2E. I decided then that the issue could best be decided during trial, or immediately before.

        Plaintiff had propounded interrogatories to defendants seeking to elicit all relevant facts relating to damages and, in addition, defendants' contentions on the boundaries between damage theories that measure damages according to lost profits caused by defendants' infringing sales, and according to reasonable royalties affixed to infringing manufacturing and sales. Defendants produced the relevant information regarding their economic data; however, they stated an unwillingness to describe their contentions except as part of their experts' submissions and testimony. Experts' discovery was scheduled to occur later in the pre-trial proceedings, and the experts' reports and deposition testimony ultimately provided that which the plaintiff had previously sought.

Plaintiff moves, nevertheless, to preclude defendants' damage experts from testifying, arguing that the lateness of defendants' response, compounded by the length and detail of the experts' opinions, prejudice its ability to gain trial readiness.

Plaintiff's motion is denied. Defendants timely produced discovery of all underlying factual information. Although defendants owed better responses to plaintiff, even of contentions, it was not altogether unreasonable for defendants to defer the task until after the experts had delivered their reports. Plaintiff was inquiring of highly technical issues, and no final word could be said about them before the experts that the parties planned to use delivered their reports and gave their deposition testimony.

For the reasons stated, plaintiff's motion in limine is denied.

SO ORDERED.

Dated: New York, New York
March ___, 2006

ALVIN K. HELLERSTEIN
United States District Judge